### SID THORNE v. THE STATE.

#### No. 8493. Decided June 4, 1924.

#### No motion for rehearing filed.

**Manufacturing Intoxicating Liquor.**

There are no bills of exception contained in the record. The facts proven are ample to sustain the verdict of guilty, and the cause is affirmed.

Appeal from the District Court of Stonewall County. Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Stinson, Coombes & Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Stonewall County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant was found manufacturing intoxicating liquor and there is nothing in the record combating the proposition that he did so. The officers had a search warrant and their entry into the house was resisted to some extent by appellant's mother. During the parley between the officers and appellant's mother, appellant started away from the premises but was stopped. He made no claim at that time that he was manufacturing liquor for either of the excepted purposes. Two barrels of mash were found buried near his hog pen and seemed to be covered with maize. There were many empty fruit jars found on the premises. Upon the trial it was claimed that he was making the liquor for medicinal purposes, for the use of his mother. There was conflicting testimony as to her need for such liquor and it was shown that she still had about two ounces of a pint of whisky which had been gotten for her five years before. She had never used white whisky for any such purpose. Appellant claimed that he had borrowed the still. His son was introduced as a witness for the defense and testified that he fed the hogs all the time and did not know of the existence of the two barrels of mash which were buried near the hog pen; that he had never fed any of it to the hogs. This young man testified that his grandmother had lived with them for a great many years and that during that time he had seen her with whisky in a glass two or three times. It was in testimony also that in the appellant's car were found two sacks of meal and a sack of sugar and a number of yeast cakes. There are no bills of exception in the record, and the only contention is that the evidence does not justify the verdict of guilty. Regretting our inability to agree with this contention, an affirmance will be ordered.

*Affirmed.*